IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO C.Q., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE GOLDEN STATE ANNEX DETENTION CENTER, *et al*, <br><br> Respondent. | Civil No. 1:26-cv-04317-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 240-174-039 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Rogelio C.Q.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1.

For over twenty-one years, Petitioner has lived in the United States, having first

entered without inspection in 2005. Dkt. No. 11-2, at pg. 3. He is married to a United

States citizen, and the couple has four daughters, each of whom is also a United States

citizen. Dkt. No. 8-1, at pg. 1. One of his daughters suffers from cerebral palsy, and

Petitioner was the principal financial provider for his family before his arrest. Dkt. No.

1, at pg. 6; Dkt. No. 11-2, at pg. 3. In July 2019, Petitioner's wife filed a Petition for alien

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

relative, Form I-130, on his behalf for adjustment of his immigration status, which was approved on April 15, 2020.  Dkt. No. 8-1, at pg. 3.

The record also shows that, in recent years, Petitioner has amassed multiple law enforcement contacts.  He was arrested by the Fresno Police Department on three occasions—on September 19, 2022, August 7, 2023, and October 24, 2025—for battery on a spouse in violation of California Penal Code § 243(e)(1).  Dkt. No. 8-1, at pgs. 3–4.  But he has never been convicted of these or any other offenses.

On April 1, 2026, Immigration and Customs Enforcement (ICE) officers arrested Petitioner at the Fresno County Superior Court, where he was scheduled to appear in his pending criminal matter.  Dkt. No. 8, at pg. 3; Dkt. No. 8-1, at pgs. 2–3.  Upon his arrest, the government initiated removal proceedings against him, which remain pending.  Dkt. No. 8, at pg. 1.  No final order of removal has been entered against him. *See id*.  But Petitioner has been detained at the Golden State Annex Detention Facility in McFarland, California, ever since his arrest—a period now exceeding three months— and he has never received a bond hearing or any other individualized custody determination before a neutral decisionmaker.  Dkt. No. 11-2, at pg. 4.  So Petitioner invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing is unlawful.  Dkt. Nos. 1, 11-2.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, 1:26-cv-03248-MWJS, 2026 WL 1330831(E.D. Cal.

May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D.

Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS,

2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-

EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).

The court therefore issued an order to show cause, calling on Respondents to

identify whether Petitioner is "subject to mandatory detention pursuant to 8 U.S.C. §

1226(c) or any provision of the INA other than § 1225(b)(2)."  Dkt. No. 7.  The court also

asked Respondents whether Petitioner "was ever previously detained and released by

immigration authorities" and, if so, "whether there is any factual or legal basis to

distinguish this case from the many others" in which district judges have addressed this

issue. *Id*.

In response, Respondents note that they do not oppose the court ruling directly

on the petition and have not requested a hearing.  Dkt. No. 8.  And they offer two

arguments in defense of Petitioner's detention without a bond hearing.

Their first is that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), as an

applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b).  But as

Respondents candidly acknowledge, *id*. at pg. 5, this court and many others have

considered and rejected that theory, concluding that a noncitizen arrested in the interior

of the United States and placed in ordinary removal proceedings under section 240 of

the INA is detained under § 1226(a), not § 1225(b).  The court has again considered

3

these precedents—including the precedents collected above—and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

That leaves Respondents' alternative argument, in which they contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his three arrests for battery on a spouse, which they characterize as "crimes involving moral turpitude."  Dkt. No. 8, at pg. 6.  But a "conviction," for the purposes of § 1226(c), requires a formal judgment of guilt, or a plea or admission of facts coupled with the imposition of some form of punishment.  8 U.S.C. § 1101(a)(48)(A).  And under that definition, Petitioner does not have a qualifying conviction under the statute: Respondents' records reflect that each of the three arrests has no disposition, and the records check that ICE performed did not yield information about any other convictions.  Dkt. No. 8-1, at pgs. 2–4.  What is more, the government's Notice to Appear charges only presence without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i) and lodges no criminal ground of inadmissibility or deportability.  Dkt. No. 8-2, at pg. 1.  Nor is the court persuaded by Respondents' contention that Petitioner must raise this issue in a hearing under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), before the immigration court.  A *Joseph* hearing permits a detainee to show that he is not properly included within § 1226(c) after DHS lodges a charge premised on a qualifying offense, and DHS has not lodged such a charge here.

4

Accordingly, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, as supplemented by Dkt. No. 11-2, is GRANTED in part, to the extent Petitioner contends that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  July 10, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04317-MWJS; *Rogelio C.Q. v. Warden of the Golden State Annex Detention Facility*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART